S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S

| | | |
|---|---|---|
| Scholz Design, Inc. | : | Case No._____ |
| 3131 Executive Parkway | | |
| Toledo, Ohio 43606, | : | (Hon. _____) |
| | | |
| Plaintiff, | : | **COMPLAINT AND JURY DEMAND** |
| | | |
| vs. | : | |
| | | |
| Pasquale A. Liquori | : | |
| 51 Rollins Drive | | |
| East Longmeadow, MA 01028 | : | |
| | | |
| And | : | |
| | | |
| Filomena Liquori | : | |
| 51 Rollins Drive | | |
| East Longmeadow, MA 01028 | : | |
| | | |
| And | | |
| | | |
| Roland F. Cormier individually and | | |
| d/b/a R.C. Designers | | |
| 60 Kellogg Avenue | | |
| Feeding Hills, MA 01030-1626 | | |
| | | |
| Defendants. | | |

S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S-S

Plaintiff Scholz Design, Inc. ("Scholz") complains against Defendants Pasquale A. Liquori, Filomena Liquori, and Roland F. Cormier d/b/a R.C. Designers as follows:

## INTRODUCTION AND PARTIES

1. Scholz is a Delaware corporation with its principal place of business in Toledo, Ohio.

- 2 -

2.  Defendants Pasquale A. Liquori and Filomena Liquori (collectively, the "Liquoris") are Massachusetts residents and the owners of a house located at 51 Rollins Drive, East Longmeadow, MA 01028 (the "House").

3.  Defendant Roland F. Cormier is a Massachusetts resident who is doing business as R.C. Designers (along with Roland Cormier hereinafter referred to as "RCD"), and upon information and belief is the architect who prepared the architectural drawings for the House.

## JURISDICTION

4.  This Court has personal jurisdiction over each defendant.

5.  This Court has subject matter jurisdiction over this civil action for copyright infringement pursuant to 28 U.S.C. § 1331 and § 1338(a).

6.  Venue is proper pursuant to 28 U.S.C. § 1391 and § 1400.

## COUNT I

### COPYRIGHT INFRINGEMENT CLAIM AGAINST DEFENDANTS REGARDING THE HOUSE LOCATED AT 51 ROLLINS DRIVE, EAST LONGMEADOW, MA

7.  Scholz incorporates by reference paragraphs 1 through 6.

8.  Scholz is engaged in the research, development, creation and sale of architectural home designs and drawings. Scholz has developed a network of licensed or registered builders for Scholz designs. Scholz's home designs are sold internationally and in interstate commerce.

9.  On December 31, 1991, Scholz authored architectural designs and drawings entitled "LeBeaujolais A 42" (the "Le Beaujolais Design"). A true and accurate copy of the abridged version of the Le Beaujolais Design is attached as **Exhibit A**.

- 3 -

10.     The Le Beaujolais Design is an original work of authorship and constitutes copyrightable subject matter under the copyright laws of the United States (17 U.S.C.A. §101 *et seq.*). Scholz is the author of the Le Beaujolais Design and the current claimant in the copyright of the Le Beaujolais Design.

11.     Scholz has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the Le Beaujolais Design. Scholz has applied for and received from the Register of Copyrights the appropriate Certificates of Copyright Registration for the Le Beaujolais Design. True and accurate copies of the Certificates of Copyright Registration for the Le Beaujolais Design are attached as **Exhibit B**.

12.     Commencing on the date of first publication, and consistently thereafter, the Le Beaujolais Design has been published by Scholz in conformity with the copyright laws of the United States.

13.     In August of 2001, the Liquoris requested that Scholz send them a mini-set of drawings of the Le Beaujolais Design for the Liquoris' review. Scholz complied with this request. The Liquoris subsequently requested that Scholz provide a quote for specific modifications to the design. Scholz provided this quote. In September 2001, however, the Liquoris represented to Scholz that they decided to retain a local architect to design the plans for their new home from a pre-existing architectural plan. In reliance upon the Liquoris' representation, Scholz closed its file.

14.     Not until August of 2008 did Scholz have reason to investigate a potential copyright violation by the Liquoris and RCD.

15.     Without Scholz's prior knowledge or permission and after Scholz obtained the Certificates of Copyright Registration for the Le Beaujolais Design, the Liquoris and RCD prepared, or induced, caused, or materially contributed to the preparation of, certain architectural

drawings for the House by copying the Le Beaujolais Design. Specifically, the Liquoris and RCD have used the drawings and otherwise induced, caused, or directed the wrongfully copied Le Beaujolais Design to be used or exploited in the construction of the House. A true and accurate copy of the plans of the House is attached as **Exhibit C**.

16. An examination of the interior floor plan of the House indicates that changes the Liquoris requested Scholz make to the Le Beaujolais Design floor plan were carried through to construction of the House. A marked-up version of the Le Beaujolais Design floor plan exhibiting the Liquoris' requested changes to the Le Beaujolais Design is attached as **Exhibit D**.

17. Upon information and belief, the Liquoris and RCD participated in the infringing activities, including but not limited to the copying of the Le Beaujolais Design, the preparation of the architectural drawings for the House, and the construction of the House.

18. The Liquoris and RCD's actions violate Scholz's exclusive copyrights in the Le Beaujolais Design and those actions constitute an infringement of Scholz's copyrights under 17 U.S.C.A. § 106.

19. Upon information and belief, the Liquoris and RCD's copyright infringement was knowing, willful and intentional.

20. The Liquoris and RCD's actions have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

21. During the pendency of this action, and permanently thereafter, the Liquoris and RCD should be enjoined and restrained from copying, preparing derivative works based upon, or otherwise infringing upon, directly or indirectly, Scholz's copyright in the Le Beaujolais Design.

22. Scholz is entitled to recover all damages suffered as a result of the Liquoris and RCD's wrongful acts, including but not limited to profits obtained by the Liquoris and RCD as a

result of their wrongful acts and the loss of profits sustained by Scholz. In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court. Scholz is also entitled to recover all reasonable attorney's fees, court costs and interest on said damages from the date of the Liquoris and RCD's infringement.

WHEREFORE, Plaintiff Scholz Design, Inc. demands judgment as follows:

A.   An order from this Court preliminarily and permanently enjoining and restraining the Liquoris and RCD and their respective agents, along with those in active participation with the Liquoris and RCD, from copying, preparing derivative works based upon, or otherwise infringing upon, directly or indirectly, Scholz's copyright in the Le Beaujolais Design in accordance with 17 U.S.C.A. §502;

B.   A monetary judgment against the Liquoris and RCD, jointly and severally, for Scholz's damages and the profits derived by the Liquoris and RCD from their unauthorized use of the Le Beaujolais Design and infringement upon Scholz's copyrights in that design; or, in the alternative, statutory damages in an amount to be determined by the Court based upon the Liquoris and RCD's intentional, willful and deliberate copyright infringement in accordance with 17 U.S.C.A. §504;

C.   An award of all reasonable attorney's fees and costs incurred by Scholz in pursuit of its copyright infringement claims, along with interest and all damages from the date of the Liquoris and RCD's infringements in accordance with 17 U.S.C.A. §505; and

D.   All other legal and equitable relief as the Court deems just and appropriate.

## JURY DEMAND

Scholz demands a jury trial.

Respectfully submitted,

/s/ Molly E. Meacham
Holly M. Polglase, Esq., BBO #553271
Molly E. Meacham, Esq., BBO #667459
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, Massachusetts 02129
Telephone: 617-241-3000
Fax: 617-241-5115
Email: hpolglase@campbell-trial-lawyers.com
mmeacham@campbell-trial-lawyers.com

*Of Counsel:*
James L. Rogers (0039743)
Tiffany E. Courtney (0080982)
EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
E-MAIL: jlrogers@eastmansmith.com
tecourtney@eastmansmith.com

Attorneys for Plaintiff